UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MIAMI DIVISION

BRUCE ROSENBERG,

    Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES, LTD.,

    Defendant.
_____/

## COMPLAINT

COMES NOW, the Plaintiff, BRUCE ROSENBERG, by and through undersigned counsel, and sues the Defendant, ROYAL CARIBBEAN CRUISES, LTD. and further states as follows:

### JURISDICTIONAL AND VENUE ALLEGATIONS

1. This is a cause of action for damages for personal injury.

2. Plaintiff, BRUCE ROSENBERG, is *sui juris*, and a citizen and resident of the state of FLORIDA.

3. Defendant ROYAL CARIBBEAN CRUISES, LTD. (RCCL) is a foreign corporation with its principal place of business in Miami-Dade County, Florida.. For jurisdictional purposes, RCCL is both a foreign citizen and a citizen of Florida.

4. This is a cause of action which is brought in the District Court for the Southern District, Florida pursuant to 46 U.S.C. 740, Admiralty Rule 9 (h), and the forum selection clause of Plaintiff's passenger cruise ticket with Defendant.  There is no diversity of citizenship. Plaintiff is a citizen and resident of resident of the state of Florida.  In addition, jurisdiction also exists pursuant to 28 U.S. C. 1333 because this is a maritime cause of action.

5. At all times material hereto, the Defendant has conducted ongoing, substantial and not isolated business activity in Miami-Dade County, Florida, in the Southern District of Florida, so that *in personam* jurisdiction exists in the United States District Court for the Southern District of Florida.

6. At all times material, the Defendant has engaged in the business of operating maritime cruise vessels for paying passengers including the Plaintiff.

7. In its ticket contract with Plaintiff, Defendant requires fare-paying passengers like Plaintiff to bring any lawsuit against Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper in this court.

8. Venue is also proper in this district because the Defendant's principal place of business is located within this district.

## GENERAL ALLEGATIONS

9. Plaintiff has complied with all conditions precedent to bringing this action.

10. Defendant owed Plaintiff a duty of reasonable care in the circumstances.

## COUNT ONE-NEGLIGENCE

11. Plaintiff reavers and realleges paragraphs 1-10 as if set forth herein.

12. On or about May 18, 2018, Plaintiff was an adult fare paying passenger on Defendant's cruise ship ALLURE of the SEAS ("ALLURE"). Defendant owned and/or operated ALLURE on the aforesaid date.

13. On or about the aforesaid date, Plaintiff suffered serious personal injury by reason of an unreasonably dangerous set of steps which Plaintiff was descending while visiting Labadee, Haiti, which is a private beach owned and/or operated by ROYAL and a scheduled port of call on Plaintiff's cruise on ALLURE.

14. The steps were wet and unreasonably slippery, had no non-slip properties and lacked a handrail.

15. Defendant knew or should have known through the exercise of reasonable care in the circumstances that the steps were unreasonably dangerous and that Plaintiff's injury was foreseeable.

16. Notwithstanding Defendant's duty as aforesaid, Defendant breached its duty by unreasonably:

    a. Failing to properly maintain a set of steps in a reasonably safe condition, and/or;

    b. Failing to have a safe and proper set of steps for Plaintiff to recline on, and/or;

    c. Failing to warn Plaintiff of the dangers of walking on a set of steps, and/or;

    d. Failing to warn Plaintiff that the steps on which he was walking were unreasonably slippery when wet, and/or;

    e. Failing to have a handrail on a set of steps, and/or;

    f. Failing to have non-slip surfaces on a set of steps, and/or;

    g. Failing to keep a set of steps clean and dry, and/or;

17. At all times material, Plaintiff was using reasonable care for his own safety.

18. As a result of the negligence of the Defendant as aforesaid, the Plaintiff was caused to be injured when he fell and fractured a bone in his foot, requiring physical therapy and surgery.

19. As a result of the negligence of the Defendant as aforesaid, the Plaintiff was injured in and about his body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered an aggravation of known and unknown pre-existing conditions,

suffered a loss of enjoyment and value of the cruise; suffered a loss of earnings and/or loss of earning capacity, suffered scarring from surgery. Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from Defendant for damages, costs and pre-judgment interest.

COUNT TWO- NEGLIGENT DESIGN AND CONSTRUCTION

20. Plaintiff reavers and realleges paragraphs 1-10 as if set forth herein

21. Defendant RCCL actively participated in the design and construction of the steps on its own private beach at Labadee, Haiti. Defendant actively participated in the design and construction of the steps which caused Plaintiff's injury and chose or participated in choosing the materials where the incident occurred.

22. In the alternative, Defendant approved the design and construction of the steps in question where this incident occurred, and/or contracted with third persons to build the steps, oversaw construction and design elements, and through the contract documents and relationship as owner had the ultimate ability to reject or accept the design, construction and materials used on the steps where Plaintiff was injured.

23. Defendant was negligent in the design, construction, inspection and approval process of the steps on its private beach at Labadee, Haiti for failing to select, construct and/or design a proper set of steps with a handrail and non-slip materials which was and is reasonably safe in the circumstances.

24. Defendant knew or should have known through the exercise of reasonable care in the circumstances that the steps where Plaintiff was injured were unreasonably dangerous in

the circumstances and that Plaintiff's injury was entirely foreseeable.

25. As a result of the negligence of the Defendant as aforesaid, the Plaintiff slipped and fell which caused him to be injured in and about his body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered an aggravation of known and unknown pre-existing conditions, suffered a loss of enjoyment and value of the cruise; suffered a loss of earnings and/or/earning capacity; suffered scarring from surgery. Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

26. At all times material, Plaintiff acted with reasonable care for his own safety.

WHEREFORE, Plaintiff demands judgment from Defendant for damages, pre-judgment interest and costs.

Dated this 13th day of May, 2019.

HOFFMAN LAW FIRM
PAUL M. HOFFMAN, P.A.
2881 East Oakland Park Boulevard
Fort Lauderdale, FL 33306
Telephone: (954) 707-5040

By:   *//s// Paul M. Hoffman*
      PAUL M. HOFFMAN, ESQ.
      FBN: 0279897